UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANIYU AYINLA JAIYEOLA,

        Plaintiff,                               Hon. Janet T. Neff

v.                                               Case No. 1:22-cv-129

THOMAS L. DORWIN,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed this civil action against Defendant Thomas L. Dorwin, the Clerk of this Court, on February 14, 2022, alleging a claim pursuant to 42 U.S.C. § 1983. Plaintiff's complaint in this action (*Jaiyeola III*) arises out of another action, captioned *Ganiyu Ayinla Jaiyeola v. Robert A. Brundage*, No. 1:21-cv-1053 (W.D. Mich.) (*Jaiyeola II*), which in turn arises out of another action, *Ganiyu Ayinla Jaiyeola v. Toyota Motor North America, Inc., et al.*, No. 1:17-cv-562 (W.D. Mich.) (*Jaiyeola I*). *Jaiyeola I* was a products liability case in which Plaintiff sued Toyota Motor Corporation and others for alleged defects in his 1996 Toyota Camry. This Court granted summary judgment to the defendants, and the Sixth Circuit affirmed on appeal. However, the court of appeals remanded the matter for the limited purpose of allowing this Court to rule on Plaintiff's request for sanctions and collateral issues raised in ECF No. 264, which had not been addressed prior to the appeal. On April 14, 2021, following remand, the Court entered a Memorandum Opinion and Order denying Plaintiff's motion for sanctions, ECF No. 264. *Id.*, ECF No. 352. That should have been the end of the matter, but it was not.

While the appeal was pending, Plaintiff filed numerous motions in this Court, and he was eventually placed on Restricted Filer status. *Id.*, ECF 342. Plaintiff continued to file motions even after the Court issued the April 14, 2021 Order, including motions seeking sanctions against defense counsel and another attorney, Robert A. Brundage, who had not appeared in the case, based on "ghostwritten" briefs that Brundage had allegedly prepared for counsel to sign and file. On December 10, 2021, the Court denied Plaintiff's numerous "frivolous" motions for leave to file motions and directed the Clerk to reject any further filings by Plaintiff in the case. *Id.*, ECF No. 404. Those motions included Plaintiff's motions seeking sanctions against defense counsel and Brundage based on Brundage's alleged involvement with ECF Nos. 371, 380, and 383 and his alleged unauthorized practice of law.

Plaintiff filed *Jaiyeola II* against Brundage on December 14, 2021. In that action, Plaintiff alleged that Brundage violated Michigan's Unauthorized Practice of Law (UPL) statute, Mich. Comp. Laws. § 600.916(1). The Court dismissed *Jaiyeola II* on February 8, 2022, for lack of subject matter jurisdiction. *Jaiyeola II*, ECF Nos. 24 and 25.

In the instant action, *Jaiyeola III*, Plaintiff alleges that Clerk Dorwin violated his constitutional rights by failing to enter defaults that Plaintiff had requested against Brundage in *Jaiyeola II*. Plaintiff asserts (incorrectly) that entry of a default against Brundage in *Jaiyeola II* would have conferred subject matter on this Court.

Generally, a district court may not *sua sponte* dismiss a complaint when the plaintiff has paid the filing fee, unless the court gives the plaintiff an opportunity to amend the complaint. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). However, a court need not afford the plaintiff an opportunity to amend if the complaint's allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* In those

circumstances, the dismissal is properly considered a dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *Id.*

It is well established that a judge is absolutely immune from suit seeking monetary relief, so long as the judge was performing judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11. The "immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights." *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). A judge is not immune (1) where the judge's alleged actions were not taken in the judge's judicial capacity, or (2) where the actions, although judicial in nature, were taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11–12. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

Courts have extended absolute judicial immunity to non-judicial officers who perform "quasi-judicial" functions. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)). In determining whether an individual is entitled to quasi-judicial immunity, courts employ a "functional" approach, looking "to the nature of the function performed, not the identity of the actor who performed it." *Id.* (citations and internal quotation marks omitted). In *McCreary v. Bell*, No. 1:10-cv-1211, 2011 WL 4559712 (W.D. Mich.

Sept. 30, 2011), as in this case, the plaintiff sued the Clerk of this Court for violating his rights by failing to enter a default against a defendant. The court held that "Defendant Cordes was acting on behalf of the Court when she allegedly failed to enter default." *Id.* at *4. Therefore, she was entitled to absolute immunity. *Id.* The same is true here. *See also Jenkins v. Clerk of Court, U.S. District Court, Southern District of Florida*, 150 F. App'x 988, 989 (11th Cir. 2005) (holding that the plaintiffs' allegation that the district court clerk violated Fed. R. Civ. P. 55 and their constitutional rights by not entering a default judgment was "without merit in law or fact," and in any event, the clerk had absolute immunity for the act of entry of a default judgment).

Plaintiff's allegations against Clerk Dorwin in this case concern acts that are intricately related to the judicial process. *Sua sponte* dismissal is thus appropriate under *Apple v. Glenn* because it is "no longer open to discussion" that Plaintiff's claims are devoid of all legal merit. *See Metzenbaum v. Nugent*, 55 F. App'x 729 (6th Cir. 2003). A complaint is subject to dismissal under *Apple* when the defendant is immune from liability, as in this case. *See Forbush v. Zaleski*, 20 F. App'x 481, 482 (6th Cir. 2001) (action against a judge was frivolous under *Apple* as the judge was entitled to judicial immunity). In addition, although Plaintiff requests injunctive and declaratory relief in his complaint, there is no legal basis for such relief in this case because Clerk Dorwin is not a "state actor" for purpose of 42 U.S.C. § 1983, and Plaintiff had no right to entry of a default against Brundage in *Jaiyeola II* because the Court lacked subject matter jurisdiction over the action. Accordingly, I recommend that the Court dismiss the complaint **with prejudice** for lack of subject matter jurisdiction.

Although a court may not absolutely bar an individual from filing an action in federal district court, *see Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), "[a] district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing

pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Fin.*, No. 99-2282, 2000 WL 1176881, at *2 (6th Cir. Aug. 10, 2000) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998), and *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). While the Court imposed certain filing restrictions on Plaintiff in *Jaiyeola I*, I recommend that the Court expand those restrictions to preclude Plaintiff from filing any additional motions, briefs, or other documents, with the exception of an objection to this Report and Recommendation, in *Jaiyeola I*, *II*, or *III*, and that he be precluded from filing any new case relating in any way to *Jaiyeola I*, *II*, or *III*. This recommendation is based on Plaintiff's repeated filing of frivolous actions.

Dated: February 22, 2022                    /s/ Sally J. Berens
                                                                             SALLY J. BERENS
                                                                             U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).