UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANIYU AYINLA JAIYEOLA,

     Plaintiff,

                                              Case No. 1:22-cv-129

v.

                                              HON. JANET T. NEFF

THOMAS L. DORWIN,

     Defendant.

_____/

## OPINION AND ORDER

     This is the third related case brought by Plaintiff Ganiyu Ayinla Jaiyeola.  *See Ganiyu Ayinla Jaiyeola v. Toyota Motor North America, Inc., et al.*, No. 1:17-cv-562 (W.D. Mich.) (*Jaiyeola I*); *Ganiyu Ayinla Jaiyeola v. Robert A. Brundage*, No. 1:21-cv-1053 (W.D. Mich.) (*Jaiyeola II*).  Plaintiff initiated this action against Defendant Thomas L. Dorwin, the Clerk of this Court, alleging claims pursuant to 42 U.S.C. § 1983.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court (1) dismiss the Complaint with prejudice for lack of subject matter jurisdiction and (2) preclude Plaintiff from filing any additional motions, briefs, or other documents in the three related cases, as well as prevent Plaintiff from filing any new case related to this case (ECF No. 5).  The matter is presently before the Court on Plaintiff's objections (ECF No. 9) to the R & R and Plaintiff's motions for leave to file motions to recuse (ECF Nos. 6 and 7).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  For the reasons

stated below, the Court adopts the recommendation to dismiss the Complaint but rejects the recommendation to preclude Plaintiff from further filings.

Plaintiff raises two main issues in his Objections.  First, Plaintiff argues that the Magistrate Judge erred in finding that Defendant is entitled to quasi-judicial immunity.  He contends that Defendant is not immune because he repeatedly acted "in the complete absence of jurisdiction" and "failed to act when he had a duty to do so" (ECF No. 9 at PageID.107).

The Court has reviewed the record and finds no error in the Magistrate Judge's analysis. Plaintiff's claims stem from Defendant not entering default against a defendant in *Jaiyeola II*.  As the Magistrate Judge explained, this Court has held that the Clerk of Court is entitled to judicial immunity in nearly the identical situation. In *McCreary v. Bell*, No. 1:10-cv-1211, 2011 WL 4559712 (W.D. Mich. Sept. 30, 2011), U.S. District Judge Gordon J. Quist held that the Clerk of Court was entitled to quasi-judicial immunity because she was acting on behalf of the Court when she allegedly failed to enter default.  Plaintiff's allegations against Defendant in this case concern acts that are intricately related to the judicial process.  Plaintiff was not entitled to the entry of default because the Court lacked subject matter jurisdiction.  Furthermore, Plaintiff has not shown that Defendant "had a history of being unfair to Plaintiff" (ECF No. 9 at PageID.109). Accordingly, Plaintiff's objection lacks merit.

Second, Plaintiff argues that the R & R "clearly shows" the Magistrate Judge's "judicial bias with prejudice against Plaintiff" (ECF No. 9 at PageID.110).  This objection is also related to Plaintiff's motions seeking to have the Magistrate Judge and the undersigned recuse.  In *Jaiyeola I,* the Court denied two of Plaintiff's motions for disqualification of the Magistrate Judge (*See* ECF Nos. 334 and 342, *Jaiyeola I,* No. 1:17-cv-562).  Plaintiff's objection, as well as the motions, lack merit for the same reasons the Court explained in its previous orders.

2

Furthermore, Plaintiff has not shown that the undersigned should recuse itself from this case. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify [herself] in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When bias is urged as the basis for recusal, "the issue is whether 'a reasonable person would be convinced the judge was biased.'" *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (quoting *Lac du Flambeau Indians v. Stop Treaty Abuse-Wis., Inc.*, 991 F.2d 1249, 1255 (7th Cir. 1993) (citations omitted)). A judge's rulings in a case are ordinarily not enough to support a litigant's request for recusal based on alleged bias. *See United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Youn*, 324 F.3d at 423 (citing *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989)). In the absence of proof of extrajudicial bias, the moving party must show that the judge has "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. In this case, Plaintiff provides no evidence that the undersigned has a personal bias or prejudice against Plaintiff or in favor of Defendants. *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009). The fact that the undersigned has ruled against Plaintiff in other cases is not a valid basis for recusal.

Finally, the Court must address the Magistrate Judge's recommendation "to preclude Plaintiff from filing any additional motions, briefs, or other documents, with the exception of an objection to this Report and Recommendation, in *Jaiyeola* I, II, or III, and that he be precluded from filing any new case relating in any way to *Jaiyeola* I, II, or III" (ECF No. 5 at PageID.35). Although the Court agrees that such a sanction is warranted based on Plaintiff's repeated filings of frivolous motions, the Court finds that such a sanction confers too much discretion to the Clerk

3

of Court in discerning whether a new case is "relating in any way" to *Jaiyeola* I, II, or III.  If

Plaintiff files any additional cases, the case should go through the normal case opening procedure.

If the case is related to *Jaiyeola* I, II, or III, the Magistrate Judge will make such a finding and the

case will be properly assigned to the undersigned.  *See* W.D. Mich. LCivR 3.3.1(d)(iii)(B).  The

Court finds no reason to deviate from the standard procedure at this time.

Accordingly, this Court adopts in part and rejects in part the Magistrate Judge's Report and

Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 9) are DENIED and the Report

and Recommendation of the Magistrate Judge (ECF No. 5) is ADOPTED as to dismissing the

Complaint and REJECTED as to precluding Plaintiff from future filings related to this same

subject matter.

**IT IS FURTHER ORDERED** that Plaintiff's motions for leave to file motions to recuse

(ECF Nos. 6 and 7) are DENIED.

A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P.

58.

Dated:  April 26, 2022

/s/ Janet T. Neff

JANET T. NEFF
United States District Judge